UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEVIN WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-0228 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

The District of Columbia (the "District") hereby Answers Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs in the Complaint, the District responds as follows:

### INTRODUCTION

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

### JURISDICTION

3. Paragraph 3 contains conclusions of law to which no response is required.

4. Paragraph 4 contains conclusions of law to which no response is required.

## PARTIES

5. The District is without sufficient information with which to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. The District admits the allegations contained in Paragraph 6 of the Complaint.

7. The District admits that Officer Thaddeus Modlin is an officer with the Metropolitan Police Department and was so at all times relevant. The remaining allegations contained in Paragraph 7 are conclusions of law to which no response is required.

8. The District admits that Officer Alexander Vogel is an officer with the Metropolitan Police Department and was so at all times relevant. The remaining allegations contained in Paragraph 8 are conclusions of law to which no response is required.

## STATEMENT OF FACTS

9. The District denies the allegations contained in Paragraph 9 of the Complaint.

10. The District admits that Plaintiff's decedent was encountered by Officers Modlin and Vogel, and that Plaintiff's decedent had just recently been involved in the shooting of his aunt, but denies that the shooting was accidental, and further denies any characterization not specifically admitted.

11. The District denies the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required.

## COUNT I
### (Survival Act)

14. The District restates and incorporates by reference its responses to Paragraphs 1 through 13 above as if fully set forth herein.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## COUNT II
### (Wrongful Death)

16. The District restates and incorporates by reference its responses to Paragraphs 1 through 15 above as if fully set forth herein.

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

18. The District denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT III
### (Negligence)

19. The District restates and incorporates by reference its responses to Paragraphs 1 though 18 above as if fully set forth herein.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required.

21. The District denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

23. The District denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT IV
### (Assault & Battery)

24. The District restates and incorporates by reference its responses to Paragraphs 1 through 23 above as if fully set forth herein.

25. The District denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

## COUNT V
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

27. The District restates and incorporates by reference its responses to Paragraphs 1 through 26 above as if fully set forth herein.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

29. The District denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT VI
### (Negligent Training and Supervision, 42 U.S.C. § 1983)

30. The District restates and incorporates by reference its responses to Paragraphs 1 through 29 above as if fully set forth herein.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

32. The District denies the allegations contained in Paragraph 32 of the Complaint.

33. The District denies the allegations contained in Paragraph 33 of the Complaint.

34. The District denies the allegations contained in Paragraph 34 of the Complaint.

The District denies any allegation in the Complaint not specifically admitted above.

### Third Defense

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom. The District further denies that Plaintiff is entitled to any relief whatsoever.

### Fourth Defense

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### **Fifth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### **Sixth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

### **Seventh Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### **Eighth Defense**

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

### **Ninth Defense**

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

### **Tenth Defense**

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Eleventh Defense

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

### Fourteenth Defense

Plaintiff has failed to mitigate his damages.

### Fifteenth Defense

Plaintiff's claims may be barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiff may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiff is not entitled to punitive damages.

**Eighteenth Defense**

The District, its employees, agents and servants, acting within the course and scope of their employment were not the cause in fact or the proximate cause of the death of Plaintiff's decedent.

The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, that the evidence in discovery may reveal.

**Set-off**

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

**Jury Demand**

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recover its costs of suit expended herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\_\_/s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

\_\_\_/s/  Shana L. Frost_____
SHANA L. FROST (458021)
DAVID A. JACKSON (471535)

Assistant Attorneys General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

Counsel for the District of Columbia