# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**KEVIN WALLACE,**                  )
                                    )
        **Plaintiff,**         )     **C.A. No. 08-0228 (RMC)**
                                      )
        **v.**                    )
                                      )
**DISTRICT OF COLUMBIA,** *et al.,*    )
                                      )
        **Defendants.**     )
_____)

## CONSENT MOTION OF OFFICER THADDEUS MODLIN TO FILE ANSWER TO PLAINTIFF'S COMPLAINT *NUNC PRO TUNC*

Officer Thaddeus Modlin, by and through undersigned counsel, respectfully requests that he be permitted to late-file the attached Answer to Plaintiff's Complaint. In support thereof, Officer Modlin states as follows:

1.      Plaintiff filed the above-captioned matter against Officer Modlin, Officer Alexander Vogel, and the District of Columbia on February 11, 2008.

2.      On June 18, 2008, Plaintiff filed an affidavit of service indicating that Officer Modlin was served with the Summons and Complaint on June 5, 2008. The Clerk entered June 25, 2008, as the date for Officer Modlin to file his Answer to Plaintiff's Complaint.

3.      Due to administrative oversight, Officer Modlin's request to the Office of the Attorney General for representation was not delivered to undersigned counsel, and undersigned counsel was thus unaware that service of process had been executed on Officer Modlin until the District of Columbia's Answer to the Complaint was filed on June 26, 2008.

4.     Undersigned counsel has communicated with Officer Modlin, and any potential representation issues have been resolved.  Thus, Officer Modlin respectfully requests that the attached Answer be deemed timely filed.

5.     Pursuant to LCvR 7(m), counsel for Plaintiff has consented to the relief requested herein, thus granting this motion will not prejudice either party.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

____/s/  Shana L. Frost_____
SHANA L. FROST (458021)
DAVID A. JACKSON (471535)
Assistant Attorneys General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| KEVIN WALLACE, | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 08-0228 (RMC)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

**POINTS AND AUTHORITIES IN SUPPORT OF THE CONSENT MOTION OF OFFICER THADDEUS MODLIN TO FILE ANSWER TO PLAINTIFF'S COMPLAINT *NUNC PRO TUNC***

1.    Fed. R. Civ. P. 12(a).

2.    Fed. R. Civ. P. 6.

3.    LCvR 7(m).

4.    The interests of justice and the record herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

____/s/  Shana L. Frost_____
SHANA L. FROST (458021)
DAVID A. JACKSON (471535)
Assistant Attorneys General
441 4th Street, NW, 6th Floor South
Washington, DC 20001

(202) 724-6534
Fax:  (202) 727-3625
Shana.frost@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**KEVIN WALLACE,**                        )
                                          )
        **Plaintiff,**        )    **C.A. No. 08-0228 (RMC)**
                                          )
    **v.**                        )
                                          )
**DISTRICT OF COLUMBIA,** *et al.,*        )
                                          )
        **Defendants.**       )
_____)

**OFFICER THADDEUS MODLIN'S ANSWER TO THE COMPLAINT**

Officer Thaddeus Modlin hereby Answers Plaintiff's Complaint as follows:

**<u>First Defense</u>**

The Complaint fails to state a claim upon which relief can be granted.

**<u>Second Defense</u>**

As to each of the numbered paragraphs in the Complaint, Officer Modlin

responds as follows:

**<u>INTRODUCTION</u>**

    1.    Paragraph 1 contains conclusions of law to which no response is required.

To the extent a response is required, Officer Modlin denies the same.

    2.    Paragraph 2 contains conclusions of law to which no response is required.

To the extent a response is required, Officer Modlin denies the same.

**<u>JURISDICTION</u>**

    3.    Paragraph 3 contains conclusions of law to which no response is required.

    4.    Paragraph 4 contains conclusions of law to which no response is required.

## PARTIES

5.      Officer Modlin is without sufficient information with which to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      Officer Modlin admits the allegations contained in Paragraph 6 of the Complaint.

7.      Officer Modlin admits that he is an officer with the Metropolitan Police Department and was so at all times relevant.  The remaining allegations contained in Paragraph 7 are conclusions of law to which no response is required.

8.      Officer Modlin admits that Officer Alexander Vogel is an officer with the Metropolitan Police Department.  The remaining allegations contained in Paragraph 8 are conclusions of law to which no response is required.

## STATEMENT OF FACTS

9.      Officer Modlin denies the allegations contained in Paragraph 9 of the Complaint.

10.      Officer Modlin admits that Plaintiff's decedent was encountered by him and Officer Vogel, and that Plaintiff's decedent had just recently been involved in the shooting of his aunt, but denies that the shooting was accidental, and further denies any characterization or allegation not specifically admitted.

11.      Officer Modlin denies the allegations contained in Paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint contains conclusions of law to which no response is required.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.

### COUNT I
**(Survival Act)**

14.     Officer Modlin restates and incorporates by reference his responses to Paragraphs 1 through 13 above as if fully set forth herein.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Modlin denies the same.

### COUNT II
**(Wrongful Death)**

16.     Officer Modlin restates and incorporates by reference his responses to Paragraphs 1 through 15 above as if fully set forth herein.

17.     Paragraph 17 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Modlin denies the same.

18.     Officer Modlin denies the allegations contained in Paragraph 18 of the Complaint.

### COUNT III
**(Negligence)**

19.     Officer Modlin restates and incorporates by reference his responses to Paragraphs 1 though 18 above as if fully set forth herein.

20.     Paragraph 20 of the Complaint contains conclusions of law to which no response is required.

21.    Officer Modlin denies the allegations contained in Paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Modlin denies the same.

23.    Officer Modlin denies the allegations contained in Paragraph 23 of the Complaint.

**COUNT IV**
**(Assault & Battery)**

24.    Officer Modlin restates and incorporates by reference his responses to Paragraphs 1 through 23 above as if fully set forth herein.

25.    Officer Modlin denies the allegations contained in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Modlin denies the same.

**COUNT V**
**(Deprivation of Civil Rights, 42 U.S.C. § 1983)**

27.    Officer Modlin restates and incorporates by reference his responses to Paragraphs 1 through 26 above as if fully set forth herein.

28.    Paragraph 28 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Officer Modlin denies the same.

29.     Officer Modlin denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT VI
### (Negligent Training and Supervision, 42 U.S.C. § 1983)

30.     Officer Modlin restates and incorporates by reference his responses to Paragraphs 1 through 29 above as if fully set forth herein.

31.     Officer Modlin need not respond to the allegations contained in Paragraph 31 of the Complaint as these allegations relate to a Defendant other than Officer Modlin. To the extent a response is required, Officer Modlin denies the same.

32.     Officer Modlin need not respond to the allegations contained in Paragraph 32 of the Complaint as these allegations relate to a Defendant other than Officer Modlin. To the extent a response is required, Officer Modlin denies the same.

33.     Officer Modlin need not respond to the allegations contained in Paragraph 33 of the Complaint as these allegations relate to a Defendant other than Officer Modlin. To the extent a response is required, Officer Modlin denies the same.

34.     Officer Modlin need not respond to the allegations contained in Paragraph 34 of the Complaint as these allegations relate to a Defendant other than Officer Modlin. To the extent a response is required, Officer Modlin denies the same.

Officer Modlin denies any allegation in the Complaint not specifically admitted above.

## Third Defense

Officer Modlin denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate

indifference, and unconstitutional policy or custom. Officer Modlin further denies that Plaintiff is entitled to any relief whatsoever.

### Fourth Defense

Officer Modlin has performed his obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of the decedent's own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal and/or negligent acts of a person or persons other than Officer Modlin.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the decedent's intentional conduct, sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than Officer Modlin.

**Ninth Defense**

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the decedent's sole, joint, or concurring negligence with a person or persons other than Officer Modlin.

**Tenth Defense**

At all times relevant herein, Officer Modlin has acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

**Eleventh Defense**

Officer Modlin asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Twelfth Defense**

Acts or omissions of Officer Modlin were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Thirteenth Defense**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

**Fourteenth Defense**

Plaintiff has failed to mitigate his damages.

**Fifteenth Defense**

Plaintiff's claims may be barred by collateral estoppel and res judicata.

**Sixteenth Defense**

Plaintiff may have failed to comply with the statute of limitations.

**Seventeenth Defense**

Plaintiff is not entitled to punitive damages.

**Eighteenth Defense**

Officer Modlin was not the cause in fact or the proximate cause of the death of Plaintiff's decedent.

**Nineteenth Defense**

Officer Modlin's actions were in self defense.

Officer Modlin reserves the right to amend his Answer to the Complaint and to raise any additional defenses, that the evidence in discovery may reveal.

**Set-off**

Officer Modlin asserts a set-off against any judgment rendered against him for all funds and services provided to or on behalf of Plaintiff, including medical care, by the District of Columbia.

**Jury Demand**

Officer Modlin hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Officer Modlin prays that the same be dismissed, and that he recover his costs of suit expended herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/  Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

\_\_\_/s/  Shana L. Frost_____

SHANA L. FROST (458021)
DAVID A. JACKSON (471535)
Assistant Attorneys General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

Counsel for the District of Columbia