UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN WALLACE | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C. A. No. 08- cv- 00228 (RMC) |
| DISTRICT OF COLUMBIA, *et al.,* | ) ) ) |
| Defendants. | ) ) ) |

## LOCAL CIVIL RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d), the parties hereby submit their joint report, which outlines the parties' position with respect to the fourteen (14) enumerated matters set forth in LCvR 16.3(c). In conformity with LCvR 16.3(a), counsels for the parties have conferred on all relevant matters. The parties submit the following joint report:

## STATEMENT OF THE CASE

This is a civil action which arose from the death of Kevin Thomas on February 10, 2007. The plaintiff alleges that the decedent was shot and killed by members of the District of Columbia Metropolitan Police Department. The named defendants are the District of Columbia, Officer Thaddeus Modlin and Officer Alexander Vogel. Plaintiff has brought suit pursuant to the District's Survival statute, DC Code § 12-1-1 (Count I), the Wrongful Death statute, DC Code § 16-2701 (Count II), negligence (Count III), assault and battery (Count IV), civil rights violation, 42 U.S.C. § 1983 (Count V), and negligent training and supervision pursuant to 42 U.S.C. § 1983 (Count VI). Without waiving any defenses available under the Federal Rules of

Civil Procedure or otherwise, the defendants deny any wrongdoing in the death of Kevin Thomas and otherwise deny any and all liability arising therefrom.

## LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1. The plaintiff believes that it is unlikely that this matter will be disposed of in its by dispositive motion. The Defendants believes that this matter may be disposed of in whole or in part by dispositive motion.

2. It is not anticipated that the plaintiff will amend his pleadings or join additional parties. However, such action, if taken, shall be done within forty-five days of the Court's scheduling order. The parties agree that the defendants shall file their response to the complaint within thirty (30) days of the Court's scheduling order. The defendants reserve the right to amend their answer.

3. The parties agree that this matter should be assigned to a Magistrate Judge for purposes of discovery.

4. There have been no settlement discussions between the parties.

5. The plaintiff is of the belief that this case would significantly benefit from ADR at this time. Defendants would be amenable to a 60 day mediation period after the close of discovery.

6. The defendants may file motion(s) for summary judgment or other dispositive motion(s) within sixty (60) day of the close of discovery; oppositions will be due thirty (30) days after dispositive motions are filed; and, replies will be due ten (10) days after oppositions are filed.

7. The parties submit that the initial disclosure provisions of Fed. R. Civ. P. 26(a)(1)

shall not apply in this case.

8. The parties propose that discovery proceed for a period of one hundred and eighty (180) days, and that fifteen (15) depositions per side and forty (40) interrogatory questions per side be allowed.

9. The parties submit that there should be a modification of Rule 26(a)(2), to allow for plaintiff's expert(s) to be named sixty (60) days after entry of a scheduling order in this case. Defendants would then name their expert(s) thirty (30) days thereafter, and all expert depositions would be concluded by the close of the discovery period.

10. Not Applicable.

11. The plaintiff does not believe that discovery in this case should be bifurcated or managed in phases. Defendants believe that at this time it to soon to determine if discovery and/or trial should be bifurcated.

12. The plaintiff proposes that a pretrial conference be set for no sooner than thirty (30) days after the close of all discovery or ruling on any dispositive motions filed by defendants after the close of discovery. The defendants propose that within thirty (30) days after ruling on dispositive motions the Court set a status conference at which time the final pretrial conference will be set.

13. The parties propose that the trial date be set at the status conference referred to in No. 12, above.

14. Within twenty (20) days after entry of the scheduling order the parties will file a joint motion for a protective order.

        Respectfully submitted,

        PETER J. NICKLES
        Acting Attorney General for the
        District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Samuel C. Kaplan/S/_____
        SAMUEL C. KAPLAN [463350]
        Assistant Deputy Attorney General

        /s/David A. Jackson/s/_____
        DAVID A. JACKSON [471535]
        SHANA L. FROST [458021]
        Assistant Attorneys General
        Office of the Attorney General
        441 Fourth Street, NW, 6 South
        Washington, D.C. 20001
        Direct Line: (202) 724-6618
        Facsimile: (202) 727-3625
        E-mail: davida.jackson@dc.gov


        Respectfully submitted,

        /s/Gregory L. Lattimer/s/_____
        GREGORY L. LATTIMER, [371926]
        1100 H Street, N.W.
        Suite 920
        Washington, D.C. 20005
        Tel. (202) 638-0095
        Attorney for the Plaintiff